**BOWERS WHOLESALE CORPORA-TION, Appellant,**

v.

**NORGE SALES CORPORATION,**
**Appellee (two cases).**

**Nos. 10587, 10588.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 2, 1966.

Decided Nov. 21, 1966.

George H. Bowers, Jr., and Luther W. White, III, Norfolk, Va. (Worthington, White & Harper, Norfolk, Va., on brief), for appellant.

Howard I. Legum, Norfolk, Va. (Charles W. Houchins, Chicago, Ill., Fine, Fine, Legum, Schwan & Fine, Norfolk, Va., and Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

In these companion appeals Bowers Wholesale Corporation urges error in the refusal of the District Court to enjoin foreclosure by Norge Sales Corporation of a deed of trust it holds upon the business property of Bowers in Norfolk, Virginia. Restraint was prayed until

the completion of trial of Bowers' antitrust action against Norge—the principal claim in No. 10,587—so that Bowers could set off its anticipated judgment against any amount owing under the trust.

Pending the appeal one of the judges of this court enjoined the foreclosure on the ground that the terms of the trust were uncertain in several aspects, and that their meaning should be made plain before foreclosure. At argument we were informed that a decision in the antitrust action is expected soon from the District Court upon Norge's motion for summary judgment already argued and submitted.

In the circumstances we think it advisable to defer a ruling upon the present appeals until the determination of the antitrust action in the District Court, whether on the motion for summary judgment or after trial. This deferment is not a holding that a mortgagor may set off an unliquidated claim against his indebtedness. Nor is it a holding that Bowers or any other mortgagor is entitled to have a foreclosure stayed until the termination of a civil action brought by the mortgagor to recover damages from the mortgagee on a claim which may be separate and independent from the mortgage debt. The reason for our action is the proximity of a decision in the antitrust case which would provide a more complete background for resolution of the injunction controversy now before us.

Meanwhile, the injunction against the foreclosure will be continued, but Norge will continue to be protected from loss by the bond required and given in connection with the injunction. Should the interest accruing upon the unpaid installments of the trust note, after their maturity, exceed the principal of the existing bond, then on application the District Court may require Bowers to furnish a supplementary bond or bonds to protect Norge until the antitrust suit is concluded in the trial court and, if pursued, on appeal.

An order will issue accordingly.